IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02458-BNB

TED ROBERT JONES,

Applicant,

v.

MESA COUNTY COURTS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 7 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Ted Robert Jones, initiated this action by filing *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Jones alleges in the original habeas corpus petition that he is challenging the validity of his conviction in Mesa County District Court case number 08MH150. In an order filed on October 8, 2010, the court directed Mr. Jones to complete and file on the court-approved form an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 22, 2010, Mr. Jones submitted an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 that consists of only two pages from the court's habeas corpus form.

The court must construe the amended application liberally because Mr. Jones is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons

stated below, Mr. Jones will be ordered to file a second amended application if he wishes to pursue his claim in this action.

The court has reviewed the amended application and finds that it is deficient. First, one of the named Respondents, Mesa County Courts, does not appear to be a proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

The court finds that the amended application also is deficient because Mr. Jones has not submitted a completed habeas corpus application on the court-approved form. Furthermore, Mr. Jones does not assert any claims for relief in the amended application because the portion of the court's habeas corpus application form that is missing includes the pages on which to assert claims. It also is not clear exactly what conviction Mr. Jones is challenging in this action because the case numbers he lists on the first page of the amended application, 09T1856, 09M516, and 09M1196, were not identified as the convictions under attack in the original petition. As a result, it is not clear whether the claims Mr. Jones asserted in his original application are related in any way to the convictions he apparently now is challenging.

For all of these reasons, Mr. Jones will be ordered to file a second amended application in which he identifies clearly the convictions under attack as well as the specific claims for relief he is asserting in this action. Mr. Jones also must provide specific facts in support of the claims he is asserting. Mr. Jones is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254(a). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Jones must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jones, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Jones fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED October 27, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02458-BNB

Ted Robert Jones
795 County Road 326
Silt, Colorado 81652

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/27/10

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk