IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02458-BNB

TED ROBERT JONES,

        Applicant,

v.

MESA COUNTY COURTS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

        Respondents.

_____

ORDER OF DISMISSAL

_____

        Applicant, Ted Robert Jones, initiated this action by filing *pro se* an application

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his

conviction in case number 08MH150 in the District Court in Mesa County, Colorado.  In

an order filed on October 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Jones

to cure certain deficiencies, including Mr. Jones' failure to use the proper form.  On

October 22, 2010, Mr. Jones filed an amended application for a writ of habeas corpus

that consisted of only two pages of the Court's 28 U.S.C. § 2254 habeas corpus

application form and did not include any claims for relief.  Mr. Jones also listed different

case numbers for the convictions under attack in the amended application, although the

new case numbers apparently still relate to cases in the Mesa County District Court.

        Magistrate Judge Boland reviewed the amended application and determined that

it was deficient both because Mr. Jones named an improper Respondent and because

it was not clear what claims he was asserting and what convictions he was challenging.

Therefore, Magistrate Judge Boland ordered Mr. Jones to file a second amended

application naming the proper Respondents and identifying clearly the convictions

under attack as well as the specific claims for relief he is asserting.  Magistrate Judge

Boland specifically advised Mr. Jones that § 2254 provides a remedy only for violations

of the "Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and

that, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases

in the United States District Courts, he must "specify all [available] grounds for relief"

and he must "state the facts supporting each ground."  Magistrate Judge Boland also

advised Mr. Jones that the action would be dismissed without further notice if he failed

to file a second amended application within thirty days.

On November 22, 2010, Mr. Jones filed two documents.  In the first (doc. #8),

Mr. Jones seeks an emergency injunction and dismissal of all of his Delta County cases

that are the subject of a separate habeas corpus action, *see Jones v. Miller*, No. 10-

cv-02455-BNB (D. Colo. filed Oct. 8, 2010), in order to prevent malicious prosecution in

his Mesa County cases.  He also seeks an injunction and dismissal of his Mesa County

cases.  Mr. Jones includes within the attachments to his request for an emergency

injunction three pages from the Court's 28 U.S.C. § 2254 habeas corpus application

form.  (*See* Doc. #8 at pp.12-14.)  Mr. Jones lists three claims for relief on two of those

pages, but he fails to provide a clear statement of any claim that specifies the

constitutional right allegedly violated and he fails to allege specific facts in support of his

claims.  The confusion surrounding the claims Mr. Jones is asserting is exacerbated by

the fact that he filed the identical document with the same claims in his other pending

habeas corpus case challenging different convictions.  In the second document filed on

2

November 22 (doc. #9), Mr. Jones makes conclusory statements that his rights have

been violated, and he argues that he remains in the custody of Respondent Mesa

County Courts because he has to comply with the terms of his probation.  On

November 23, 2010, Mr. Jones filed another document that also is not a second

amended application.

The Court finds that Mr. Jones has failed within the time allowed to file a second

amended application that provides a clear statement of any constitutional claims in this

habeas corpus action.  Therefore, the action will be dismissed without prejudice for

failure to file a second amended application as directed.  Accordingly, it is

ORDERED that the application and the amended application are denied and the

action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure because Applicant failed to comply with a court order.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02458-BNB

Ted Robert Jones
795 County Road 326
Silt, CO 81652

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 8, 2010

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk