IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02458-ZLW

TED ROBERT JONES,

    Applicant,

v.

MESA COUNTY COURTS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Ted Robert Jones, has filed *pro se* on October 18, 2011, a letter to the Court (Doc. #20) asking the Court to reopen a number of cases including the instant action. The Court must construe the letter liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the letter as a motion to reconsider. For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because

Mr. Jones' motion to reconsider was filed more than twenty-eight days after the Judgment was entered in this action on December 8, 2010, that motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Jones initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County, Colorado, District Court case number 08MH150. On October 8, 2010, Mr. Jones was ordered to cure certain deficiencies and one of the deficiencies listed was that Mr. Jones had failed to use the proper form. On October 22, 2010, Mr. Jones filed an amended habeas corpus application that consisted of only two pages of the Court's 28 U.S.C. § 2254 habeas corpus application form and did not include any claims for relief. Mr. Jones also listed different case numbers for the convictions under attack in the amended application, although the new case numbers apparently still related to cases in the Mesa County District Court. On October 27, 2010, Mr. Jones was ordered to file a second amended application because the amended application did not name a proper Respondent and did not include any specific claims for relief.

Mr. Jones responded to the October 27 order by filing two documents on November 22, 2010. In the first document (Doc. #8) he sought an emergency injunction and dismissal of all of his Delta County cases that were the subject of a different habeas corpus action. *See Jones v. Miller*, No. 10-cv-02455-LTB (D. Colo. Dec. 3, 2010). Mr.

2

Jones also sought an injunction and dismissal of the Mesa County cases. Although the papers attached to the request for an emergency injunction included three pages from the Court's 28 U.S.C. § 2254 habeas corpus application form (*see* Doc. #8 at 12-14), Mr. Jones did not provide a clear statement of any claim that specified the constitutional right allegedly violated or that included specific factual support. In the second document filed on November 22 (Doc. #9) Mr. Jones made conclusory statements that his rights have been violated and he argued that he remains in the custody of Respondent Mesa County Courts because he had to comply with the terms of his probation. On November 23, 2010, Mr. Jones filed another document that also was not a second amended application. The Court dismissed the instant action without prejudice because Mr. Jones failed to file a second amended application that provides a clear statement of any constitutional claims for relief.

Mr. Jones now asks the Court to reopen this action because state and local government officials have committed crimes and violated his constitutional rights and the order dismissing this action "did not consider my legal evidence proving the State of Colorado and United States Federal Government should move forward with civil, criminal and class actions against them individually." (Doc. #20 at 1.)

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jones fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Jones is correct that the Court has not considered any evidence. However, the reason the Court did not consider any evidence is because Mr. Jones failed to file a pleading that included a clear statement of the claims he intended to pursue. Therefore,

the motion to reconsider will be denied. Mr. Jones is reminded, however, that the Court dismissed the instant action without prejudice and that, if he wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the letter to the Court (Doc. #20) filed on October 18, 2011, which the Court has construed as a motion to reconsider, is DENIED.

DATED at Denver, Colorado, this __25th__ day of ___October___, 2011.

BY THE COURT:


_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02458-BNB

Ted Robert Jones
PO Box 27673
Denver, CO 80227

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk